[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11446
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20816-CMA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGARDO DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 13, 2013)

Before HULL, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Edgardo Diaz appeals his sentence of 235-months' imprisonment for conspiracy to commit a Hobbs Act Robbery and commission of a Hobbs Act Robbery, both in violation of 18 U.S.C. § 1951(a). Diaz argues his sentences are unreasonable, citing the district court's failure to address his arguments concerning his assistance to the police, failure to address the disparity between his sentence and his codefendants' sentences, and improper speculation about his criminal activity prior to his immigration to the United States from Cuba. On these bases, Diaz contends the district court abused its discretion and asks that we vacate his sentence and remand for resentencing. After review,[1] we affirm.

In reviewing the reasonableness of a sentence, we first ensure that it was *procedurally* reasonable. *Gall v. United States*, 552 U.S. 38, 41 (2007). In the instant case, neither party disputes that the district court properly calculated the guideline range, and both parties agreed to the facts described in the PSI as adopted by the district court. In addition, the district court sufficiently considered the § 3553(a) factors when it asked itself, "What amount of time is sufficient but not greater than necessary to protect our community from Mr. Diaz, who appears not capable of ceasing his criminal activity?" *See United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007) ("[T]he court need not state on the record that it has

---

[1] We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party who challenges the sentence bears the burden to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

considered each of the § 3553(a) factors."). While the district court did not expressly address Diaz's arguments regarding the comparative leniency of his codefendants' sentences and his assistance to the government, this does not indicate that the court failed to consider his contentions as part of its analysis of the § 3553(a) factors. For these reasons, the sentence the district court imposed was procedurally reasonable. *See Gall*, 552 U.S. at 51.

Next, we must examine whether the sentence was *substantively* reasonable in light of the totality of the circumstances, *id.*, reversing only if "we are left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case," *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotations marks omitted). Ordinarily, we expect a sentence falling within the guideline range to be reasonable. *United States v. Hunt*, 526 F.3d at 739, 746 (11th Cir. 2008).

In the instant case, Diaz's sentence, which is within the guideline range, is amply justified by the severity of his offense, his extensive criminal history (despite long periods of incarceration), his tendency to violate probation and parole, and the fact that he committed this crime even while wearing a GPS tracker for parole purposes. Diaz argues the district court improperly speculated that he

3

engaged in criminal activity prior to his immigration to the United States.  *See*

*United States v. Lee*, 427 F.3d 881, 893 (11th Cir. 2005).  However, the district

court expressly noted that this information was unavailable to it, and there is no

indication that the district court factored any suspicions of undocumented criminal

activity into its decision given the numerous other reasons it provided.

For the foregoing reasons, Diaz has failed to carry his burden of showing

that the district court abused its discretion when it imposed a sentence at the high

end of the guideline range.

**AFFIRMED.**